UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81218-CIV-MARRA

SHANKER RAJBHANDARI,

Plaintiff,

vs.

US BANK et al.,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Gary I. Gassel's Motion to Quash Service (DE 13) and Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Amended Complaint (DE 17). The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. Background

On April 21, 2014, Plaintiff Shanker Rajbhandari ("Plaintiff"), who was proceeding pro se,[1] filed an Amended Complaint against Defendants U.S. Bank N.A. Legal Title Trustee for Truman 2012 SC2 Title Trust ("U.S. Bank"), Law Offices of Gary I. Gassel ("Gassel"), Florida Default Law Group, P.L. ("FL Default") and Wells Fargo Bank, N.A. ("Wells Fargo"), (collectively, "Defendants").  (DE 8.)  The Amended Complaint brings claims for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (count one) and the Florida Consumer Collections Practices Act ("FCCPA"), Florida Statute § 559 (count two).

---

[1] On July 14, 2014, an attorney filed a notice of appearance on behalf of Plaintiff. (DE 18.)

It appears that the Amended Complaint arises out of a foreclosure action filed by U.S. Bank against Plaintiff in state court.  The Amended Complaint, however, contains over 100 paragraphs and raises issue with areas outside of the purview of the FDCPA and FCCPA, including a failure to receive a copy of the note, alleged violations of the National Housing Act, a failure to received counseling under the pooling and servicing agreement, the failure of U.S. Bank to register to do business in Florida and comply with Florida requirements regarding documentary stamps and assignments, violations of the Truth in Lending Act, Real Estate Settlement Procedures Act and Florida Statutes § 701.02, and a purported criminal investigation.

The caption of Amended Complaint names "Law Offices of Gary I. Gassel" as a Defendant.  Paragraph 79 of the Amended Complaint alleges wrongdoings by an individual named "Gary I. Gassel" and the "Law Offices of Gary I. Gassel."  The summons was issued to "Law Offices of Gary I. Gassel, P.A." (DE 15.)  Records from the Florida Department of State indicate that there is an entity registered as "Law Offices of Gary I. Gassel, P.A." (Florida Department of State, Ex. A, DE 13.)

Gary Gassel submitted an affidavit.  It states he is the registered agent for service of process of the Florida Professional Association incorporated and registered as the "Law Offices of Gary Gassel, P.A." (Gassel Aff. ¶ 3, DE 16-1.)  On or about May 20, 2014, he received, as registered agent, a summons directed to "Law Offices of Gary I. Gassel, P.A." and the Amended Complaint. (Id. at ¶ 4.)

Wells Fargo moves to dismiss on the basis that the Amended Complaint fails to state a claim upon which relief can be granted because the FDCPA does not apply to creditors, the FCCPA claim is barred by the litigation privilege and the Amended Complaint is a shotgun

pleading.  Wells Fargo also seeks to strike Plaintiff's demand for jury trial.  Gasel moves to quash service, claiming that service was not directed to any named defendant.

II.  Motion to Dismiss

A.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

B. Discussion

After careful review of the Amended Complaint, the Court concludes that it is a "shotgun" pleading and must be re-pled. See Anderson v. District Bd. of Trustees of Central Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996) (shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claims for relief"). A "shotgun" pleading is not a "short and plain statement of the claim" as mandated by Rule 8 of the Federal Rules of Civil Procedure.  In Anderson, the Court, concerned with the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Id. at 366-67; see Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996).

The Amended Complaint is over 100 paragraphs with numerous exhibits, encompassing 125 pages.  While the counts read as if they are brought pursuant to FDUPTA and the FCCPA, other statutes are referred to throughout the Amended Complaint, including the Truth in Lending Act, Real Estate Settlement Procedures Act and Florida Statutes § 701.02.   Equally problematic is that the Amended Complaint is rambling and confusing.  This is partly because specific facts are not related in any way to a specific counts.  Therefore, to avoid the problems associated with "shotgun" pleadings, each count must state with specificity both the factual and legal basis for the claim it sets forth. With respect to the various Defendants, the Court notes that the Amended Complaint lumps multiple Defendants together.  Given the sheer number of alleged wrongs and the multitudes of acts that give rise to these wrongs, it seems unlikely that such broad grouping of Defendants is appropriate.

4

The Court notes that Plaintiff has retained counsel since the filing of the Amended Complaint and hopes that by granting Plaintiff leave to amend with these directives in mind, Plaintiff will be able to remedy the deficiencies of the Amended Complaint.

III.  Motion to Quash

Pursuant to Rule 4(a)(1)(A), the summons must name the parties.  Fed. R. Civ. P. 4(a)(1)(A).  "Service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way."  Mcgee v. Cook, No. 8:09–cv–2543–T–27TGW, 2011 WL 1365024, at * 2 (M.D. Apr. 11, 2011) (quoting Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir.1999)).  That stated, there should be no confusion regarding which entity Plaintiff intended to sue.  Id.

Here, the Law Offices of Gary Gassel, P.A., an entity not designated as a Defendant, was served with process. Furthermore, it is unclear who Plaintiff intends to sue.  While the caption of the Amended Complaint indicates "Law Offices of Gary I. Gassel" is the intended Defendant, the Amended Complaint lodges allegations against both the "Law Offices of Gary I. Gassel" and "Gary I. Gassel."  Lastly, because it is unclear whether Plaintiff seeks to sue the "Law Offices of Gary I. Gassel," "the Law Offices of Gary Gassel, P.A." or "Gary I. Gassel" individually, the Court cannot determine whether service was proper.

For the foregoing reasons, the motion to quash is granted.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Gassel's Motion to Quash Service (DE 13) is **GRANTED**. Plaintiff shall re-serve **within 45 days of the date of entry of this Order**.

2) Wells Fargo's Motion to Dismiss Amended Complaint (DE 17) is **GRANTED.** Plaintiff is granted leave to file a Second Amended Complaint **within 14 days of the date of entry of this Order.**

3) The Court also notes that the remaining Defendants have not been served. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint was to be perfected upon Defendants within 120 days after the filing of the complaint, which was November 23, 2013. **Within twenty (20) days from the date of entry of this Order**, the Plaintiff shall either perfect service upon Defendants or show good cause as to why service has not been perfected.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of September, 2014.

                                                      KENNETH A. MARRA
                                                     United States District Judge