UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81218-CIV-MARRA

SHANKER RAJBHANDARI,

Plaintiff,

vs.

US BANK et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant The Law Office of Gary Gasell, P.A.'s Motion to Dismiss under Rule 12(b)(4) and 12(b)(5) or, in the alternative, Motion to Quash (DE 30); Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Second Amended Complaint, Motion to Strike Demand for Jury Trial (DE 31); Defendant US Bank, NA as Legal Title Trustee For Truman 2012 SC Title Trust's Motion to Dismiss (DE 41) and Defendant Ronald R. Wolfe & Associates, P.L.'s Motion to Dismiss (DE 46).  The Court has carefully considered the Motions and is otherwise fully advised in the premises.

Background

Plaintiff Shanker Rajbhandari ("Plaintiff") filed an initial complaint on January 14, 2014 (DE 1) and an amended complaint (DE 8) on April 21, 2014.[1]  On September 15, 2014, the Court subsequently dismissed the amended complaint, granting leave to amend. (DE 23.)  Plaintiff filed a second amended complaint ("SAC") on September 30, 2014 against Defendants US Bank, NA, as Legal Title Trustee For Truman 2012 SC Title Trust ("US Bank"), Wells Fargo Bank, N.A.

---

[1] Plaintiff initially proceeded pro se, but subsequently retained counsel. (DE 18.)

("Wells Fargo"), Default Law Group, P.L. n/k/a Ronald R. Wolfe & Associates, P.L. ("RRW") and The Law Office of Gary I Gasell, P.A. ("Gassel") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (count one) and the Florida Consumer Collections Practices Act ("FCCPA"), Florida Statute § 559.551 (count two).

According to the allegations of the SAC, on or about February 11, 2010, Wachovia, though RRW, filed a foreclosure lawsuit against Plaintiff for the enforcement of a promissory note. (SAC ¶ 8.) Wachovia gave Plaintiff 20 days to respond to the lawsuit while "overshadowing" Plaintiff's 30 day "right to dispute the validity of the debt." (SAC ¶ 9.) On or about March 12, 2011, Wells Fargo was substituted as the party plaintiff in the foreclosure lawsuit. (SAC ¶ 10). Wells Fargo, through RRW, endorsed and assigned the note and mortgage to US Bank. (SAC ¶ 11.) Even though RRW neglected to include an allonge to the original note, Plaintiff's note and mortgage was endorsed and assigned to "robo-signers" who were employees of Wachovia. (SAC ¶ 13.)

Wells Fargo did not send Plaintiff a copy of the endorsement of the note to US Bank. (SAC ¶ 14.) On or about April 5, 2013, after being substituted as a party plaintiff in the foreclosure lawsuit, US Bank filed a motion to amend the complaint to continue to pursue the enforcement and debt collection of the promissory note. (SAC ¶ 15.) This "continued debt collection" was done via the services of Gassel. (SAC ¶ 16.) The original note was transferred to US Bank for debt collection purposes, without proper notice being given to Plaintiff. (SAC ¶ 18.) Plaintiff does not have a contract with US Bank. (SAC ¶ 19.) US Bank has failed to register to do business in Florida. (SAC ¶ 22.) Gassel aided US Bank and failed to provide a complete and accurate validation notice. (SAC ¶ 23.)

Plaintiff attached to the original complaint a copy of the mortgage foreclosure complaint (Ex. A, DE 1-2) and the amended foreclosure complaint[2] (Ex. E, DE 1-2). These are incorporated into the SAC. (SAC ¶¶ 8, 15[3].)

With respect to Defendant Gassel, the Court's previous Order granted this defendant's motion to quash because an entity not designated as a defendant (namely, the Law Offices of Gary Gassel, P.A.) was served with process. That Order also pointed out that, based on the amended complaint, it was unclear whether Plaintiff sought to sue "Law Offices of Gary I. Gassel," "the Law Offices of Gary Gassel, P.A.," or "Gary I. Gassel" individually. The Court ordered Plaintiff to re-serve within 45 days of September 15, 2014. (DE 23.) On September 29, 2014, Gary Gassel, the registered agent for service of process of the Law Office of Gary Gassel, P.A. received a summons, dated January 14, 2014, directed to "Law Offices of Gary I. Gassel, P.A." with the November 23, 2013 civil cover sheet and November 25, 2013 complaint attached. (Gassel Aff. ¶¶ 3-4; Ex. 1, attached to Aff.) That summons was the same summons previously quashed by the Court. (Compare DE 5 to Ex. 1, attached to Aff.) On September 30, 2014, Plaintiff filed the SAC, designating "Law Offices of Gary I. Gassel, P.A." as a defendant and purported to serve the SAC using the Court's CM/ECF system. (DE 24.) Gassel never authorized its attorney to accept service of process and never waived service of process. (Gassel Aff. ¶¶ 6-7.) On October 7, 2014, Plaintiff filed an affidavit of service, representing that Gassel had been properly served with a summons and complaint. (DE 26.)

---

[2] Attached to the amended foreclosure complaint are exhibits A-F.

[3] Although paragraph 15 of the SAC refers to Exhibit D, there is no Exhibit D. Instead, it appears that Plaintiff is referring to Exhibit E, which begins on page 18 of DE-1.

Wells Fargo and US Bank move to dismiss the SAC, claiming that they are not debt collectors as defined by the FDCPA and FCCPA. RRW argues that enforcement of a security interest unaccompanied by a demand for money payment is not a debt collection activity under the FDCPA. Gassel moves to dismiss for improper service of process and insufficient process.

MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984).

    B.  Discussion

The Court begins its analysis by setting forth the elements of a prima case for a violation of the FDCPA. In order to prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  Terrell v. DIRECTTV, LLC, No. 12–81244–CIV, 2013 WL 3810619, at * 3 (S.D. Fla. July 22, 2013); Sans v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009); Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).  A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  "A debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Eke v. FirstBank Florida, 779 F. Supp .2d 1354, 1357 (S.D. Fla. 2011) (quoting Belin v. Litton Loan Servicing, LP, No. 8:06–cv–760–T–24 EAJ, 2006 WL 19910, at *2 (M.D. Fla. Jul.14, 2006)); Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013).

An examination of the foreclosure complaint in state court (which is incorporated into the SAC) and the SAC indicates that Wells Fargo is the successor in interest to the original lender (Wachovia) on the mortgage agreement which later assigned its interest to US Bank.  (State foreclosure complaint ¶ 4, state foreclosure amended verified complaint ¶ 4; SAC ¶ ¶ 8, 10-11.)

5

US Bank is legal owner of the note and mortgage. (State foreclosure amended verified complaint ¶ 6.) Wells Fargo also served as servicer on the loan. (Ex. D to state foreclosure amended verified complaint). Based on these allegations, any claims against Wells Fargo and US Bank for FDCPA violations are barred as a matter of law because they are not debt collectors.[4]

The Court now turns to the claim against RRW. This claim arises from the filing of the state foreclosure case by RRW's predecessor. (SAC ¶ ¶ 8.) The United States Supreme Court has held that attorneys who "'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation" may be deemed a debt collector under the FDCPA. Heintz v. Jenkins, 514 U.S. 291, 299 (1995). That stated, to the extent Plaintiff is attempting to bring a claim pursuant to 15 U.S.C. § 1692g(a)(3),[5] that claim fails because the statute specifically excludes as an "initial communication" a "communication in the form of a formal pleading in a

---

[4] To the extent Plaintiff alleges that Wells Fargo or US Bank can be liable for the acts of its attorneys under the FDCPA, Plaintiff is wrong. See Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 108 (6th Cir.1996); Bent v. Smith, Dean & Assocs., Inc., No. 3:11–cv–66–J–TEM, 2011 WL 2746847, at * 3 (M.D. Fla. July 14, 2011).

[5] 15 U.S.C. § 1692g(a)(3) provides:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
. . .

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

15 U.S.C. § 1692g(a)(3).

civil action." 15 U.S.C. § 1692g(d); see Jerman v. Carlisle, McNellie, Rini, Kramer & Ullrich LPA, 559 U.S. 573, 604 n.22 (2010).

The SAC does not provide factual content to allow the Court to infer that the RRW is a debt collector.  Even if Plaintiff did supply facts to support such an allegation, the SAC also fails to allege that RRW communicated with Plaintiff in any way other than filing a complaint for foreclosure.  The filing of a complaint for foreclosure does not constitute an initial communication under FDCPA.  15 U.S.C. § 1692g(d).  The Eleventh Circuit holds that a legal action, its pleadings, and related papers and correspondence cannot constitute "communications" under the FDCPA.  See Vega v. McKay, 351 F.3d 1334, 1337 (11th Cir.2003) (holding that a complaint package was not actionable under the FDCPA because it did not constitute an "initial communication"); cf. Acosta v. Cambell, 309 F. App'x 315, 320 (11th Cir. 2009) ("a communication issued from foreclosing party, or its counsel, regarding the foreclosure, does not violate 15 U.S.C. § 1692c(b), as such a communication is not subject to the FDCPA").  Here, there are no allegations that Plaintiff received anything other than a complaint seeking foreclosure. Therefore, Plaintiff's claim against RRW for a violation of 15 U.S.C. § 1692g(a)(3) fails.

With the dismissal of the federal claim, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claim pursuant to the FCCPA.

MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND SERVICE OF PROCESS

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). A process server's return of service is presumed to be valid and satisfies a plaintiff's initial prima facie burden absent strong and convincing evidence presented to the contrary. Bodyup Fitness, LLC v. 2080039 Ontario, Inc., No. 07-22223-CIV, 2008 WL 516996, at *3-4. The burden then shifts to Defendant to refute that service was not effectuated. Id. at 4. Rules 12(b)(4) and 12(b)(5) permit a defendant to dismiss for insufficient process and insufficient service of process, respectively. Fed. R. Civ. P. 12(b)(4) and (5). A summons must:

> (A) name the court and the parties;
> (B) be directed to the defendant;
> (C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
> (D) state the time within which the defendant must appear and defend;
> (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
> (F) be signed by the clerk; and
> (G) bear the court's seal.

Fed. R. Civ. P. 4(a)(1). A summons must also be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Here, the summons delivered to Gassel on September 29, 2014 does not comply with the requirements of Rule 4(a)(1). The summons fails to state the name of Plaintiff's counsel, instead it incorrectly indicates that Plaintiff is proceeding pro se. The summons directs Defendant to provide a response to Plaintiff at his home address, not his attorney's address. Attached to this

original summons was a copy of the complaint that had been dismissed,[6] instead of the SAC. The Court finds that Defendant's affidavit and attached exhibits provide convincing evidence that the return of service is not valid. Further, because Defendant has never been properly served with a summons, it was improper for Plaintiff to attempt to serve Defendant's counsel with the SAC via the Court's CM/ECF system. Compare Fed. R. Civ. P. 4 with Fed. R. Civ. P. 5(b)(2)(E).

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rules 12(b)(4) and 12(b)(5) is granted.

---

[6] This complaint identifies Defendant as "Law Offices of Gary I. Gassel," "the Law Offices of Gary Gassel, P.A.," or "Gary I. Gassel" individually. This lack of clarity was the reason the Court granted the motion to quash previously. Because that complaint had been dismissed, and Plaintiff did not file the SAC until *after* the summons was delivered, there was actually no pending complaint when Plaintiff tried to serve Defendant on September 29, 2014.

Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant The Law Office of Gary Gasell, P.A.'s Motion to Dismiss under Rule 12(b)(4) and 12(b)(5) or, in the alternative, motion to quash (DE 30) is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE** against Gassel.

2) Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Second Amended Complaint, Motion to Strike Demand for Jury Trial (DE 31) is **DISMISSED WITH PREJUDICE** on the FDCPA claim and **WITHOUT PREJUDICE** on the FCCPA claim.

3) Defendant US Bank, NA, as Legal Title Trustee For Truman 2012 SC Title Trust's Motion to Dismiss (DE 41) is **DISMISSED WITH PREJUDICE** on the FDCPA claim and **WITHOUT PREJUDICE** on the FCCPA claim.

4) Defendant Ronald R. Wolfe & Associates, P.L.'s Motion to Dismiss (DE 46) is **DISMISSED WITH PREJUDICE** on the FDCPA claim and **WITHOUT PREJUDICE** on the FCCPA claim.

5) The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of March, 2015.

_____
KENNETH A. MARRA
United States District Judge